UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA TENNYSON<br>    *Plaintiff,*<br><br>v.<br><br>THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2007-9, and SPECIALIZED LOAN SERVICING, LLC<br>    *Defendants.* | CIVIL ACTION NO. |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE JUDGES AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1441, 1446, 1331 and 1332, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET BACKED CERTIFICATES 2007-9 ("BONY" or "Defendant"), and SPECIALIZED LOAN SERVICING LLC ("SLS" or "Defendant") (collectively, "Defendants") hereby removes the above-captioned action from the 434th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas Houston Division.

## I.
## THE REMOVED CASE

1. The removed case is a civil action filed on January 3, 2022, in the 434th Judicial District Court of Fort Bend County, Texas, styled, *Angela Tennyson v. The Bank Of New York Mellon F/K/A The Bank Of New York, As Trustee For The Certificate Holders Of The CWABS,*

*Inc., Asset Backed Certificates 2007-9 and Specialized Loan Servicing, LLC*. This case received cause number 22-DCV-290030 in the state court.

2. Plaintiff's Original Petition ("Petition") alleges a cause of action for common law fraud and a violation of the Real Estate Settlement Procedures Act (RESPA). Plaintiff further seeks a permanent injunction to stop the foreclosure of real property located at 2103 Rittenmore Dr., Missouri City, Texas 77489 (the "Property"). *See* Petition ¶¶ 9-25.

3. On January 3, 2022, Plaintiff filed this suit. Removal is timely pursuant to 28 U.S.C. §1446(b). In accordance with 28 U.S.C. §1446(a) and Local Rules of the United States District Court for the Southern District of Texas, attached hereto as Exhibits 1-5, inclusive, are true and correct copies of all process, pleadings, and order in the state court action to date.

## II.
## VENUE

4. Venue in the Southern District of Texas Houston Division is proper under 28 U.S.C. §1441(a), because this Court is the United States District Court for the district and division embracing the place where the state court action is pending.

## III.
## THIS COURT HAS FEDERAL QUESTION JURISDICTION UNDER § 1331

5. Plaintiff alleges violations of federal statute and raises federal questions in her Petition.

6. Under Section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.' [*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10

(1983)]…. The 'vast majority' of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a "'suit arises under the law that creates the cause of action.'" *Id.*, at 8-9, quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)." *Merrell Dow*, 478 U.S., at 808.

7. In Plaintiff's Original Petition, Plaintiff alleges violations of Regulation X 12 U.S.C. § 2605 Real Estate Settlement Procedures Act (RESPA). *See*, Exh. 2, Plaintiff's Original Petition, p. 5-7. Therefore, removal to this Court is proper under 28 U.S.C. § 1441 (a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a) (2010). A federal question appears on the face of Plaintiff's Petition, and these claims "arise under" federal law.

8. Further, to the extent the Petition alleges state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claim under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2010).

9. Thus, because some of Plaintiff's claims arise under the laws of the United States, removal of this entire cause of action is appropriate under §1331(a)-(c).

**IV.**
**THIS COURT HAS DIVERSITY JURISDICTION UNDER § 1332**

10. For purposes of diversity jurisdiction, an individual is a citizen of the state in which he has domicile. *Mas v. Perry*, 489 F. 2d 1396, 1399 (5th Cir. 1974). Plaintiff's claims against Defendants are entirely based on Defendants' foreclosure efforts of Plaintiff's alleged

homestead property. It is well established that "residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5t Cir. 1954); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5t Cir. 2007); *Joseph v. Unitrin, Inc.*, 2008 U.S. Dist. LEXIS 61726, 2008 WL 3822938, *5 (E.D. Tex. 2008). A person's domicile is the place of "his true, fixed, and permanent home and principal establishment, and to which he has the intentions of returning whenever he is absent therefrom…" *Id*.

11. According to Plaintiff's Original Petition, Plaintiff is a resident of Fort Bend County, Texas. Upon information and belief, Plaintiff continues to occupy the Property located in Fort Bend County, Texas as her primary residence. Thus, Defendants alleged in their Notice of Removal that Plaintiff is a citizen of Texas. Plaintiff does not dispute the Texas citizenship or residency as alleged by Defendants.

12. In the Notice of Removal, SLS assets its own citizenship as follows: SLS is a Delaware limited liability company. SLS is wholly owned by Specialized Loan Servicing Holdings, LLC, a company whose ultimate parent is Computershare Limited, a publicly traded company on the Australian stock exchange. The citizenship of SLS's member(s) is Colorado. Further, none of SLS's members are citizens of Texas.

13. SLS's ownership structure and the diversity implication of same were summarized in *Jackson v. Specialized Loan Servicing*, LLC. No. 14-CV-05981, 2014 U.S. Dist. LEXIS 154837, at *19 (C.D. Cal. Oct. 31, 2014). In that case, SLS alleged its citizenship by stating that it is a Delaware limited liability company, headquartered in Colorado and that it is a wholly owned subsidiary of Computershare Limited, an Australian corporation with its principal place of business in Australia. *Id*.

14. The *Jackson* court opined that SLS sufficiently alleged its own citizenship, reasoning that "SLS is a wholly-owned subsidiary of SLS Holdings; thus, SLS has the citizenship of its "member," SLS Holdings. SLS Holdings, in turn, is a limited liability company, wholly owned by Computershare Limited. This, SLS's citizenship is the same as Computershare Limited's. Because a corporation is a 'citizen of any State by which it has been incorporated and of the State where it has its principal place of business,' 28 U.S.C. § 1332(c)(1), Computershare Limited, SLS Holdings, and SLS are citizens of Australia." In this case, SLS's facts asserting its own citizenship nearly mirror the explanation in the *Jackson* case, and no members of the LLC are citizens of Texas.

15. In the Notice of Removal, BONY likewise asserts its citizenship as follows: BONY is a national banking institution with its principal place of business New York.

16. Because federal courts have limited jurisdiction, parties must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). Defendants properly assert diversity jurisdiction under § 1332 by alleging complete diversity between Plaintiff and Defendants. There is, therefore, complete diversity of citizenship. Plaintiff is not a citizen of the same state as Defendants.

## V.
## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17. The amount-in-controversy threshold is a necessary element that must be met before a federal court can properly exercise diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). The removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceed $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant may satisfy

this burden by demonstrating that it is facially apparent from the Plaintiff's petition that the claim likely exceeds $75,000, or by setting fort the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

18. It is facially apparent from Plaintiff's Petition that Plaintiff's claims exceed the requisite threshold of $75,000. In actions seeking injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013); *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996); *Dreyer v. Jalet*, 349 F. Supp. 452 (S.D. Tex. 1972), *affirmed* 479 F.2d 1044. The plaintiff in *Farkas* sought damages "not to exceed $60,000," a temporary restraining order, declaratory judgment, and a permanent injunction on the defendants' foreclosure of real property. *Farkas* at 341. The Court held that in actions seeking declaratory and injunctive relief, the property is the object of the litigation. *Id*. "In actions enjoining a lender from transferring property and preserving an individual's ownership interest…the value of the property represents the amount in controversy. *Id*.

19. Here, Plaintiff seeks to retain possession of the Property and enjoin a foreclosure sale. To establish the value of the Property, Defendants submit a Declaration of Appraisal District Record. Declaration of Appraisal District Record. According to Fort Bend County Appraisal District, the 2021 appraised value of the Property is $206,340 (the "CAD Value"). Affidavit of Appraisal District Record, Exhibit 6. Thus, the amount in controversy satisfies the jurisdictional threshold of $75,000.

## VI.
## CONCLUSION

20.     Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal to Federal Court is being filed with the 434th Judicial District Court of Fort Bend County, Texas. A true and correct copy of said Notice is attached hereto as Exhibit 5.

                       Respectfully submitted,

                       By:   //s// Branch M. Sheppard
                              BRANCH M. SHEPPARD
                              Texas State Bar No. 24033057
                              bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

Annarose M. Harding
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
Jonathon W. Austin
Texas State Bar. No. 24107698
jaustin@gallowaylawfirmcom
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANT,**
**REVERSE MORTGAGE SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Answer and Counterclaim was delivered via Electronic Filing to the following on January 19, 2022.

***VIA-EFILING***
BRANDY M. ALEXANDER
ALEXANDER LAW, PLLC
2502 LA BRANCH ST.
HOUSTON, TEXAS 77004
brandyalexander@alexanderpllc.com

                                                //s// Branch M. Sheppard
                                                Branch M. Sheppard