UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA TENNYSON<br>    *Plaintiff,*<br><br>v.<br><br>THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2007-9, and SPECIALIZED LOAN SERVICING, LLC<br>    *Defendants.* | CIVIL ACTION NO. 4:22-cv-00194 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   The parties conducted a Rule 26(f) conference on May 5, 2022 and May 6 2022. Brandy Alexander represented Plaintiff, Angela Tennyson ("Plaintiff"). Branch M. Sheppard represented defendants The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certification Holders of the CWABS, Inc., Asset Backed Certificates, Series 2007-9 ("BONY") and Specialized Loan Servicing LLC ("SLS" and together with BONY "Defendants").

2. **List the cases related to this one that are pending in any state and federal court with the case number and court, and state how they are related.**

   Cause No. 22-DCV-290030; *Angela Tennyson v. The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of the CWABS, Inc., Asset Backed Certificates, Series 2007-9, and Specialized Loan Servicing, LLC*; In the 434th Judicial District Court of Fort Bend County, Texas.

   Plaintiff originally filed the above-referenced action in Fort Bend District Court because this is the location of the Property at issue in the lawsuit, 2103 Rittenmore Dr., Missouri City, Texas 77489.

3. **Briefly describe what this case is about.**

According to Plaintiff's Petition, on or about April 20, 2007, Plaintiff and Early Tennyson received a mortgage loan from Countrywide Home Loans, Inc. D/B/A America's Wholesale Lender ("Original Lender"), in the original principal amount of $104,000, which was secured by a Deed of Trust recorded in Fort Bend County. Plaintiff alleges that her and Earl Tennyson were married at the time of the loan execution and that Plaintiff signed for the loan in addition to Earl Tennyson. Earl Tennyson passed away in 2015. Plaintiff fell behind on mortgage payments starting in 2018. Plaintiff alleges that when she attempted to speak to Defendants' representatives regarding her delinquency, representatives for Defendants told her they could not speak to her regarding the loan because it was only Earl Tennyson's loan. Plaintiff alleges that Defendants refused to accept payments from Plaintiff, stating that she had no authority to make them. This allegedly went on for 2-3 years. In 2020, Plaintiff was able to reach out to a representative of Defendants who instructed her how to remediate the issue. Representative told her to fill out a form and pointed her to it in order for her to gain access to the account. In 2020 the loan defaulted due to nearly 2 years of failure to make payments thereon. Plaintiff alleges that Defendants denied Plaintiff any sort of loss mitigation option. Plaintiff now faces foreclosure of the Property.

4. **Specify the allegation of federal jurisdiction.**

   The Court has subject matter jurisdiction Pursuant to 28 U.S.C. §1332, because the case involves a dispute between completely diverse parties and the amount in controversy, excluding interest and costs, exceeds $75,000.

   The Court has subject matter jurisdiction Pursuant to 28 U.S.C. §1331 because Plaintiff's claim under U.S.C. §2605 Real Estate Settlement Procedures Act (RESPA) arises under federal law.

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   At this time, no parties disagree that diversity and federal question jurisdiction applies.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None known at this time.

7. **List anticipated interventions.**

   None known at this time.

8. **Describe class-action issues.**

   None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Defendants served their initial disclosures on May 6, 2022. Plaintiff served her initial disclosures on May 5, 2022. There are currently no issues or disputes relating to the disclosures.

**10.    Describe the proposed agreed discovery plea, including:**

   **A.    Responses to all matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery;**

The parties will produce documents in PDF Format.

   **B.    When and to whom the plaintiff anticipates it may send interrogatories;**

Plaintiff has not served Defendants with admissions, interrogatories, and requests for production but anticipates doing so within 60 days of this filing.

   **C.    When and to whom the defendant anticipates it may send interrogatories;**

Defendants have not served Plaintiff with admissions, interrogatories, and requests for production but anticipates doing so within 60 days of this filing.

   **D.    Of whom and by when the plaintiff anticipates taking oral depositions;**

Plaintiff anticipates taking the oral deposition of Defendants corporate representatives and/or any person as identified as having relevant knowledge within the discovery deadline.

   **E.    Of whom and by when the defendant anticipates taking oral depositions;**

Defendants anticipate taking the oral deposition of Plaintiff and/or any person as identified as having relevant knowledge within the discovery deadline.

   **F.    (i) The date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;**

The parties do not, at this time, anticipate designating any experts besides experts on attorney's fees. The parties agree to submit all attorney's fee issues to the court after liability and damages are resolved.

   **(ii) The date experts for defendant will be designated and their reports provided to opposing party;**

Withing thirty (30) days of Plaintiff's designation.

    **G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. (see Rule 26(a)(2)(B) (expert report)); and**

Plaintiff will depose any of Defendants' experts on any issues, if any, before the discovery deadline set by the Court.

    **H.    List of expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date (*see* Rule 26(a)(2)(B) (expert report)).**

Defendants will depose any of Plaintiff's experts on any issues, if any, before the discovery deadline set by the Court.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

**13.    State the date the planned discovery can reasonably be completed.**

Discovery should be reasonably completed no later than April 21, 2023.

**14.    Describe the possibilities for a prompt settlement or a resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties discussed potential resolution of this case, and it appears the Parties cannot reach an early resolution.

**15.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties conferred, but it does not appear that an amicable resolution is possible at present.

**16.    From the attorneys' discussion with the client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

Defendants do not oppose mediation as an appropriate form of alternative dispute resolution, and would propose that an appropriate deadline for the completion of any such

mediation procedure would be thirty (30) days prior to the date set for trial. Defendants request that mediation <u>not</u> be mandatory.

17. **Magistrate judges now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to a trial before a magistrate judge.

18. **State whether a jury demand has been made and it was made on time.**

    Plaintiff made a jury demand in her original petition.

19. **Specify the number of hours it will take to present the evidence in this case (including jury selection, presentation of evidence, counsel's opening statements and arguments, and charging the jury).**

    Trial anticipated to last 1-2 days.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time. Defendants will be filing Motion for Summary Judgment and Motion to Dismiss in the event Plaintiff does not dismiss this litigation.

21. **List other motions pending.**

    None at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve special attention of the court at the conference.**

    None at this time.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Defendants filed their Certificate of Interested Parties on February 4, 2022. Plaintiff filed her Certificate of Interested Parties on May 5, 2022.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    Counsel for Plaintiff:    Brandy M. Alexander
    TBA No. 24108421
    brandyalexander@alexanderpllc.com
    ALEXANDER LAW, PLLC

|  |  |
|---|---|
|  | 2502 La Branch Street<br>Houston, Texas 77004<br>(832) 360-2318 [telephone]<br>(346) 998-0886 [facsimile] |
| Counsel for Defendants: | Branch M. Sheppard<br>TBA No. 24033057<br>bsheppard@gallowaylawfirm.com<br>Annarose M. Harding<br>TBA No. 24071438<br>aharding@gallowaylawfirm.com<br>GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, A PLC<br>1301 McKinney, Suite 1400<br>Houston, Texas 77010<br>(713) 599-0700 [telephone]<br>(713) 599-0777 [facsimile] |