Case 4:22-cv-00194 Document 23 Filed on 12/21/22 in TXSD Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
December 21, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA TENNYSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-00194 |
| | § | |
| THE BANK OF NEW YORK MELLON, *et. al*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the Court is Defendants The Bank of New York Mellon ("BONY") and Specialized Loan Servicing, LLC ("SLS") (collectively, "Defendants") Motion to Dismiss or Motion for Summary Judgment. (Doc. No. 13). Plaintiff Angela Tennyson ("Tennyson" or "Plaintiff") responded in opposition (Doc. No. 17) and Defendants replied (Doc. No. 20). Having considered the Motion and the applicable law, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment.

### I. Background

This case arises from the foreclosure of Plaintiff's home. In 2007, Plaintiff's husband Earl Tennyson ("Mr. Tennyson") was approved for a mortgage loan and entered into a promissory note ("Note") for $104,000. Mr. Tennyson is the only named individual who executed the Note. In addition to the Note, Mr. Tennyson also executed a Deed of Trust to secure repayment of the Note. Presumably because Texas is a community property state, and Mr. Tennyson was married at the

time he executed the Note, both Mr. Tennyson and his wife, Angela, executed the Deed of Trust. The Note and Deed of Trust were later assigned to BONY and was serviced by SLS.

In 2015, Mr. Tennyson passed away. (Doc. Nos. 13-5; 3 at 18). After her husband's death, Plaintiff began falling behind on mortgage payments and defaulted. (Doc. No. 3 at 18). Plaintiff alleges that when she tried to speak to a representative of Defendants regarding the delinquent loan, Defendants' representatives informed her they could not speak to because she was not a borrower and the loan was only under her husband's name. (*Id.* at 19). Plaintiff alleges, but provides no evidence to support, that Defendants refused to speak to her regarding the loan and/or refused to accept her payments for two years. (*Id.*). In 2020, the loan was in default. Plaintiff also allegedly spoke to a representative at SLS, who informed her that she could fill out a form online that would give her access to the loan account. (*Id.*).

Plaintiff alleges that she now faces the threat of foreclosure because Defendants prevented her from accessing the loan account for several years. (*Id.*). Defendants, however, have already allegedly obtained a final judgment from a state court permitting foreclosure on the property.[1] (Doc. Nos. 13-6, 13 at 4). Defendants contend that Plaintiff filed this lawsuit merely to delay or stop the foreclosure sale from taking place. (*Id.*).

Plaintiff originally filed this lawsuit in 434th Judicial District Court of Fort Bend County, Texas alleging that Defendants committed common law fraud and violated the Real Estate Settlement Procedures Act (RESPA). (Doc. Nos. 1, 3). Specifically, Plaintiff alleges that Defendants committed fraud by telling Plaintiff that she did not have access to loan information because she was not a borrower under the mortgage loan account and that they could not rectify the issue, which caused her debt to increase and for her to lose her home. (Doc. No. 3 at 20).

---

[1] Since it was not raised herein, the Court need not explore whether Plaintiff's claims were waived by not being raised as compulsory counterclaims in this first lawsuit.

Plaintiff also argues that Defendants violated §§ 2605(k)(1)(C) of RESPA by failing to timely respond to a borrower's requests to correct errors relating to balances or paying off the loan, avoiding foreclosure, and other servicer duties. (*Id.* at 21). Defendants removed the case to this Court. (Doc. No. 1).

Defendants then filed this Motion to Dismiss and/or Motion for Summary Judgment contending that Plaintiff's fraud and RESPA claims fail as a matter of law and further requests attorney's fees.[2] (Doc. No. 13). Plaintiff responded in opposition (Doc. No. 17) and Defendants replied (Doc. No. 20).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact

---

[2] Defendants moved to dismiss all of Plaintiff's claims under both Rule 12(b)(6) and for summary judgment under Rule 56. As an initial matter, the parties are advised that, Defendants have improperly combined motions, which is expressly prohibited by this Court's rules. *See* Judge Hanen's Civil Procedures § 3E ("Counsel shall not combine two different and unrelated pleadings … into the same electronically filed document."). Further, "All briefs and memoranda of law must be concise, pertinent, and well organized. Briefs and legal memoranda shall be limited to 20 pages, unless permitted by this Court to exceed this limit. *See* Civil Forms for United States District Judge Andrew S. Hanen, *available at* https://txsd-ecf.sso.dcn/doc1/179141111794. Given that Defendants labeled their Motion as a "Motion for Summary Judgment" on the docket and conclude each section of its separate arguments by requesting this Court to grant summary judgment and Plaintiff acknowledged in her Response that she was responding to a summary judgment motion, the Court has chosen to construe this as a Motion for Summary Judgment under Rule 56, rather than 12(b)(6).

3

is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

#### A. Whether Plaintiff is a Borrower

Since the issue at the heart of both Plaintiff's common law fraud and RESPA causes of action is, in part, dependent on whether Plaintiff can show that she was a "borrower" on the mortgage loan account, the Court will address this issue first.

Based on the exact wording of the Note, Mr. Tennyson is the sole signatory and the sole person listed as a borrower. (Doc. No. 13-2). Plaintiff is not a signatory, nor is she mentioned, named, or referenced in any manner in the Note. (*Id.*). The signature line of the Note is reproduced below:

```
WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

[DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS
DOCUMENT MUST BE EXECUTED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW OR A
TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED
IT.]

                                    Earl a Tennyson              (Seal)
                                    EARL A. TENNYSON             -Borrower
        PAY TO THE ORDER OF
           WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC., A NEW YORK CORPORATION             (Seal)
   DOING BUSINESS AS AMERICA'S WHOLESALE LENDER                  -Borrower
BY: Michele Sjolander
         MICHELE SJOLANDER
         EXECUTIVE VICE PRESIDENT                                (Seal)
                                                                 -Borrower

                                                                 (Seal)
                                                                 -Borrower
```

4

Conversely, in the Deed of Trust, the definitions section of the document lists "Earl A. Tennyson, A Married Person," as a "Borrower," but that document is signed by both Mr. Tennyson and Plaintiff. (Doc. No. 13-3 at 1). The signature lines of the Deed of Trust label each signatory as a "borrower." (*Id.* at 17).

The relevant portion of the signature line section of the Deed of Trust is reproduced below:

> BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.
>
> [DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS DOCUMENT MUST BE EXECUTED AT THE OFFICE OF LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.]
>
> YOU MAY, WITHIN 3 DAYS AFTER CLOSING, RESCIND THIS EXTENSION OF CREDIT WITHOUT PENALTY OR CHARGE.
>
> _Earl A Tennyson_ (Seal)
> EARL A. TENNYSON  -Borrower
>
> _Angela Tennyson_ (Seal)
> ANGELA TENNYSON  -Borrower
>
> _____ (Seal)
>                                 -Borrower
>
> _____ (Seal)
>                                 -Borrower

Defendants contend that Mr. Tennyson is the only borrower on the mortgage loan account. (Doc. No. 13). Specifically, Defendants cite to the mortgage loan application and Note. They argue that because Mr. Tennyson individually applied for and was approved for the mortgage loan and individually signed the Note, Mr. Tennyson is the only borrower on the loan. (Doc. Nos. 13-1, 13-2). Defendants also cite to the contents of the Deed of Trust. Although Plaintiff was a signatory on the Deed of Trust, Defendants contend that Plaintiff only executed the Deed of Trust because Texas is a community property state that requires married individuals—like Mr. Tennyson—to execute the Deed of Trust with their spouse as a couple. (Doc. No. 13-3 at 1.).

5

Plaintiff does not attach any summary judgment evidence to her Response in opposition. Instead, Plaintiff cites to Defendants' exhibits and relies on the Note, the Deed of Trust, and the document assigning the loan to BONY. (Doc. Nos. 13-2, 13-3, 13-4). First, Plaintiff cites to provision 8 of the Note, which states, "Any person who takes over these obligations is also responsible." (Doc. No. 13-2 at 2). Plaintiff then cites to Mr. Tennyson's death certificate, which she argues shows that she sent notification of her husband's death to the Defendants and that after his demise, she continued making payments under the Note. (Doc. No. 13-5). The presence of a death certificate in Defendants' certainly indicates that they knew Mr. Tennyson was dead, but it does not prove that Plaintiff sent the death certificate to Defendant or that she had made payments. Plaintiff also relies upon the Deed of Trust, which she states lists her as a borrower twice. (Doc. No. 13-3). Finally, she cites to documents that assigned BONY the Note and Deed of Trust, but that document identifies both Plaintiff and Mr. Tennyson as "maker/grantor," not borrowers. (Doc. No. 13-4).

It is a general rule that separate instruments or contracts executed at the same time, for the same purpose, and in the course of the same transaction are to be considered as one instrument and construed together. *Jones v. Kelley*, 614 S.W.2d 95, 98 (Tex. 1981). Specifically, a deed of trust is construed along with the note it is intended to secure. *Financial Freedom Sr. Funding Corp. v. Horrocks*, 294 S.W.3d 749, 753 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Robinson v. Saxon Mortgage Servs., Inc.*, 240 S.W.3d 311, 313 (Tex. App.—Austin 2008, no pet.). If there are conflicting terms in a note and a deed of trust, the terms of the note control. *Washington-Jarmon v. Onewest Bank, FSB*, 513 S.W.3d 103, 109 (Tex. App.—Houston [14th Dist.] 2016, pet. aff.). Further, regardless of "whether the homestead is the separate property of either spouse or

community property, neither spouse may sell, convey, or encumber the homestead without the joinder of the other spouse." Tex. Fam. Code. Ann. § 5.001 (West 2006).

Texas courts have consistently held that when a note and deed of trust conflict, the note controls. *See Washington-Jarmon*, 513 S.W.3d 103; *Pentico v. Mad-Wayler, Inc.*, 964 S.W.3d 103, 108-09 (Tex. App.—Corpus Christi 1998, pet. denied) (citing *Odell v. Commerce Farm Credit Co.*, 124 Tex. 538, 80 S.W.2d 295, 297 (1935)). In fact, the dispute in *Washington-Jarmon v. Onewest Bank, FSB* is nearly identical to this dispute. In *Washington-Jarmon*, Jarmon was the only borrower listed on the loan application, loan agreement, and the note. *Washington-Jarmon*, 513 S.W.3d 103 at 109. The deed of trust, however, identified Jarmon and his spouse as a "Borrower" after the identification of the trustors at the outset of the instrument and under the signature lines. *Id.* The court held that since all loan documents, other than the deed of trust, expressly showed Jarmon as a borrower, the references on the deed of trust to his spouse did not also make his spouse a borrower. *Id.*

The Court finds that under Texas law, Plaintiff was not a "borrower" in the loan agreement. Defendants have presented evidence that Mr. Tennyson was the only borrower listed on the loan application and Note. In the Deed of Trust, Plaintiff was not identified as a borrower at the outset of the document—only Mr. Tennyson was. Plaintiff was only identified as a borrower on the signature line of the Deed of Trust. For purposes of this Motion, the Court assumes that since Texas is a common property state, both Mr. and Mrs. Tennyson were required to execute the Deed of Trust. Since the mortgage loan application and Note list only Mr. Tennyson as the borrower but the Deed of Trust lists both Plaintiff and Mr. Tennyson as borrowers, the two documents arguably contain terms that are in conflict.

7

In this situation, Texas law holds that the language in the Note prevails. The court in *Washington-Jarmon* was clear: the core principle in Texas is that the note controls over the deed of trust when the two are in conflict. Here, the Note states that Mr. Tennyson is the sole borrower on the mortgage loan. Thus, following Texas law as outlined in *Washington-Jarmon*, this Court finds that the Note controls and Mr. Tennyson is the sole borrower, and that the references to Plaintiff in the Deed of Trust do not make her a borrower.

Although Plaintiff cites to the Note and her husband's death certificate as evidence that she was the person who took over her husband's obligations, sent notification of her husband's death, and continued making payments under the Note, the Note and the death certificate do not raise an issue of material fact on these claims. Without an affidavit or other summary judgment evidence supporting Plaintiff's contentions, the existence of a provision in the Note stating that any person who takes over the Note's obligations does not by itself prove that Plaintiff took over her husband's obligations. Further, Mr. Tennyson's death certificate, on its own, does not prove Plaintiff sent it to Defendants or that she made payments under the Note. The death certificate only proves that Mr. Tennyson has passed away and the circumstances surrounding his death as stated on the death certificate. Finally, although the documents that assigned BONY the Note and Deed of Trust identify both Plaintiff and Mr. Tennyson as "maker/grantor," this does not make Plaintiff a borrower on the Note. Based on the limited evidence provided in the Defendants' Motion that she cites, Plaintiff has failed to adequately raise a genuine issue of material fact as to whether she is a borrower on the mortgage loan. Thus, in the absence of sufficient evidence raising an issue of material fact as to whether she is a borrower, the Court finds that Plaintiff is not a borrower on the mortgage loan account.

### B. Defendants Did Not Make Material and False Representations to Plaintiff

Defendants argue that Plaintiff does not have any summary judgment evidence that suggests Defendants committed fraud. (Doc. No. 13 at 6).[3] Specifically, Defendants argue that there is no evidence suggesting that they made a material and false representation to Plaintiff when they told her she did not have access to the loan account. (Doc. No. 13 at 11). Defendants contend that they truthfully informed Plaintiff they could not speak to her concerning the account because she was not a borrower and thus could not have access to the loan details. Based upon that contention, they conclude that there was no evidence of any false statements. (*Id.*). Defendants cite to the original Note as evidence that Plaintiff is not a borrower, which the Court considered above when it found that Plaintiff could not be considered a borrower on the loan account.

Plaintiff, again, offers no evidence to support that Defendants made allegedly fraudulent statements to her. In Plaintiff's Response, she only makes conclusory allegations that she has sufficiently pleaded her fraud allegations because Defendants' own documents showed "that they knew Plaintiff had some sort of connection to the note." According to Plaintiff, "[e]ven if Defendant's representatives had only looked at the note itself, they were put on notice that Plaintiff should have some sort of rights because of all the other executed documents and knowing she was the widow of the borrower." (Doc. No. 17 at 6). All of these allegations, however, are unsupported by any summary judgment evidence outside of the Note itself.

---

[3] In their Motion, Defendants also move on the basis that (1) Plaintiff fails to plead her common law fraud claim with the level of specificity required by Federal Rules of Civil Procedure 9(b) and (2) any statements made between the parties concerning loan modification are subject to the statute of frauds and thus cannot be the basis for an action. The Court will not be addressing either of these arguments. Regardless of whether Plaintiff has complied with Rule 9(b), Plaintiff did not attach or present any summary judgment evidence to support any element of a common law fraud cause of action or to raise a genuine dispute of material fact. In the absence of additional evidence, affidavits or citations to the record, there is no reason for the Court to address whether Plaintiff complied with Rule 9(b). As for Defendants' statute of frauds argument, Plaintiff states in her Response that she does not claim that any alleged statements made regarding loan modification were fraudulent. (Doc. No. 17 at 4). Thus, the Court will not be addressing this argument from Defendants either.

9

In the absence of summary judgment evidence from Plaintiff on this issue and the fact that this Court has already found that Plaintiff was not a borrower on the Note, the Court finds that there is no genuine dispute of material fact. Further, there is no evidence about the content of any conversation Plaintiff allegedly had with Defendants. Without evidence of their representations, there cannot be evidence that they "misrepresented" anything. Moreover, even if there was evidence of the primary statement underlying Plaintiff's claim, Defendants did not make material and false representations to Plaintiff when they told her that they could not speak to her about the account because she, factually, was not a borrower on the Note. Plaintiff does not provide any summary judgment evidence to the contrary. Thus, Defendants' Motion for Summary Judgment on this issue must be granted.

## C. RESPA Claims

Plaintiff argues in her Petition that Defendants violated §§ 2605(k)(1)(C) of RESPA by failing to timely respond to a *borrower's* requests to correct errors relating to balances or paying off the loan, avoiding foreclosure, and other servicer duties. In their Motion for Summary Judgment, Defendants argue that since Plaintiff is not a borrower, she is precluded from bringing a cause of action under RESPA. (Doc. No. 20 at 4). According to RESPA, a borrower can be a confirmed successor in interest. A successor in interest becomes "confirmed" when a servicer has confirmed the successor in interest's identity and ownership interest in a property that secures a mortgage loan. 12 C.F.R. § 1024.31.

Defendants contend that SLS never confirmed Plaintiff as a successor in interest and Plaintiff has offered no evidence that SLS confirmed her as a successor in interest. (*Id.* at 5). Defendants cite to the declaration of Cynthia Wallace, Second Assistant President of SLS, wherein

she states that Mr. Tennyson was the only borrower and that the mortgage went into default when the borrower failed to remit payments as they came due. (Doc. No. 13-10).

In response, Plaintiff argues that "she is the owner of the property subject to the loan and the widow of the borrower and the other owner." (Doc. No. 17 at 7). Specifically, Plaintiff cites to two of Defendants' exhibits—her husband's death certificate and the judgment allowing foreclosure—as evidence. (Doc. Nos. 13-5, Doc. No. 13-6 at 2). Plaintiff first cites to her husband's death certificate that she contends she sent to the Defendants and therefore put them on notice about her husband's death and her status as a successor in interest to the property. (Doc. No. 13-5). Plaintiff then cites to a copy of the judgment allowing foreclosure that Defendants attached to their Motion for Summary Judgment. (Doc. No. 13-6). This alleged foreclosure judgment order states, in part, that "[Plaintiff] [was] immediately vested with all of Decedent's right, title and interest in the Property." (*Id.* at 2). According to Plaintiff, because Defendants attached it to their Motion, this is evidence that Defendants were on notice of her status as a borrower. (Doc. No. 13-6). Outside of citing to these two exhibits of Defendants', Plaintiff does not refer this Court to any additional summary judgment evidence to her Response to support these allegations.

The Court does not find that Plaintiff has presented evidence to create a dispute of material fact that she is a borrower or confirmed successor in interest under RESPA. Although Plaintiff cites to her husband's death certificate and the alleged foreclosure order, this does not prove that SLS, at the time, had notice and confirmed her identity and ownership interest in the property. Without an affidavit or other summary judgment evidence to support a contention of SLS's confirmation of Plaintiff's identity and ownership interest, the evidence that Plaintiff relies upon only proves what the document's contents include—that based on the death certificate, her husband, Earl Tennyson, passed away. Although Mr. Tennyson's death certificate lists "Angela

11

Brown" as his surviving spouse, there is no supporting summary judgment evidence to establish that Angela Brown is the same person as Angela Tennyson. Further, the certificate does not suggest that Plaintiff was a successor in interest.

The alleged court order is even more problematic. The Defendants attached to their Motion one page out of a multi-page document which purports to be part of the foreclosure judgment. (Doc. No. 13-4 at 2). First, as noted, it is just part of a document that has not been proven-up in any fashion. It has no style, no cause number, and no judge's signature. It is hearsay at best, and incomplete hearsay at that. That being the case, the Court is unwilling to consider that document for any purpose. It cannot be relied upon by either the Defendants or the Plaintiff. Nevertheless, even if the Court considered it as properly offered summary judgment evidence, it would not help the Plaintiff because it does not raise an issue of material fact as to whether the Plaintiff was a borrower or a confirmed successor in interest.

Neither the death certificate nor the "judgment," taken on their own, or in combination, suggests that Defendants had notice of Plaintiff's identity or ownership interest in the property, nor does it raise a fact issue as to whether she was confirmed as a successor in interest. Moreover, since Plaintiff has not presented any additional summary judgment evidence to support her allegations, the Court finds that she has failed to raise a genuine dispute of material fact. Thus, summary judgment must be granted in favor of Defendants and Plaintiff's RESPA claim must be dismissed.

### D. Attorney's Fees

Finally, based on the Deed of Trust that Plaintiff did sign, Defendants argue that they are entitled to collect attorney's fees totaling $11,055.54 from Plaintiff. (Doc. Nos. 13-3, 13-9). Specifically, Defendants cite to Section 9 of the Deed of Trust, which provides that the lender may

collect fees and expenses it incurs, including attorney's fees, when it is forced to protect its rights to the property in question and forced to defend a lawsuit arising from disputes over the property. (*Id.* at 6). Defendants also refer to the affidavit of Branch M. Sheppard, who swears to the amount incurred in attorney's fees Defendants have incurred while defending this case. (Doc. No. 13-9). In response, Plaintiff contends that she has asserted viable causes of action against Defendants, that Defendants should not be entitled to attorney's fees, and that she also requests attorney's fees. While she may have alleged valid causes of action, she has not provided any proof in support thereof. Further, Plaintiff did not file a counter motion for fees nor does she attach any evidence to support her contentions.

The Fifth Circuit has held that similar language in loan documents like that of Section 9 of the Deed of Trust entitles lenders to recover attorney's fees "reasonably and appropriately incurred" when protecting its rights under a deed of trust. *In re Velasquez*, 660 F.3d 893, 899-900 (5th Cir. 2011). Here, there is an enforceable contract—the Deed of Trust—that permits the recovery of attorney's fees. The Court finds that the attorney's fees incurred by Defendants in the course of this litigation have been reasonable and necessary. Thus, the Court orders Plaintiff to reimburse Defendants for attorney's fees and costs totaling $11,055.54.

### E. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to for Summary Judgment. The Court also **ORDERS** Plaintiff to reimburse Defendants' attorney's fees of $11,055.54. The case is hereby dismissed with prejudice.

Signed at Houston, Texas, this 21st day of December, 2022.

Andrew S. Hanen
United States District Judge